# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
### SOUTHERN DIVISION

| | | |
|---|---|---|
| GEORGE C. DEAN, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 17-03069-CV-S-DPR |
| | ) | |
| AMERICAN HONDA | ) | |
| MOTOR CO., INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the Court is the Motion to Reconsider (Doc. 62) by Defendant American Honda

Motor Co., Inc. ("AHM").  AHM moves the Court to reconsider its November 14, 2017 Order

(Doc. 54) granting leave to Plaintiffs to add Don Wessel Oldsmobile, Inc. d/b/a Don Wessel

Honda ("Wessel Honda") as a defendant.  In the alternative, AHM asks the Court to exercise its

authority under Rule 21 of the Federal Rules of Civil Procedure to drop Wessel Honda as a party

to this action.  Plaintiffs George C. Dean and Bradley Dean have filed Suggestions in Opposition

(Doc. 68) to the motion to reconsider, and AHM has filed a Reply in Support (Doc. 70) of the

motion to reconsider.  Upon review, the motion to reconsider will be **GRANTED**.

### I. Background

This action arises from a fire at the residence of George C. Dean.  Plaintiffs allege the fire

was caused by a Honda HR-V motor vehicle (the "HR-V") designed, manufactured, marketed

and sold by Defendants, and resulted in damage to or destruction of Plaintiffs' personal and real

property.  On March 10, 2017, AHM removed this action from the Circuit Court of Greene

County, Missouri to this Court on the basis of diversity jurisdiction.  On October 5, 2017,

Plaintiffs moved for leave to file a second amended complaint adding three new defendants to

the action, including Wessel Honda.  On November 14, 2017, over AHM's opposition, the Court granted leave to file the second amended complaint.  Plaintiffs then filed their Second Amended Complaint (Doc. 55), adding Wessel Honda as a Defendant under all six counts.

AHM now moves the Court to reconsider the Order granting leave to amend, specifically the portion of the Order granting Plaintiffs leave to add Wessel Honda.  According to AHM, reconsideration is warranted because Plaintiffs failed to notify the Court that the addition of Wessel Honda destroys complete diversity and deprives the Court of subject matter jurisdiction.

## II. Legal standard

The Eighth Circuit has held that "when a trial court grants a plaintiff leave to amend the complaint by naming additional defendants, and the plaintiff fails to inform the court that one or more of those defendants will destroy diversity, the trial court may reconsider its earlier decision."  *Bailey v. Bayer CropScience L.P.*, 563 F.3d 302, 307 (8th Cir. 2009).  Upon reconsideration, the trial court should determine whether the proposed new defendant is "necessary and indispensable[.]"  *Id*. at 308.  The trial court should also consider whether justice requires the joinder of the new defendant.  *Id*. at 309.

## III. Analysis

### a. Is reconsideration warranted?

As a preliminary matter, subject-matter jurisdiction can never be waived and may be raised at any time.  *See* FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action").  Where jurisdiction is based on diversity, the action must be "between citizens of different states."  28 U.S.C. § 1332(a)(1).  A corporation is a citizen of both the state where it was incorporated and the state "where it has its principal place of business."  28 U.S.C. § 1332(c)(1).

Here, contrary to Plaintiffs' arguments, the Court finds it uncontroverted that Wessel Honda's principal place of business is located in Missouri. In their Second Amended Complaint, Plaintiffs specifically allege that Wessel Honda "is a Delaware corporation registered and doing business in the State of Missouri," and generally allege that jurisdiction is "proper" in this court. (Doc. 55 at ¶¶ 5, 8). However, the Second Amended Complaint states no facts regarding Wessel Honda's principal place of business.

Wessel Honda admits it is a Delaware corporation in its Answer, but denies that jurisdiction is proper in this court. (Doc. 67 at ¶¶ 1-2). Furthermore, AHM has presented a 2017 Annual Registration Report (Doc. 63-1), wherein Wessel Honda states that its "principal place of business or corporate headquarters" is 3520 South Campbell in Springfield, Missouri. This report was signed by an officer of Wessel Honda, with an acknowledgement that false statements are punishable for the crime of making a false declaration under Missouri law, and was filed with the Missouri Secretary of State. In the face of this proof, Plaintiffs presented no contrary evidence as to Wessel Honda's principal place of business to support their claim that this Court retains subject-matter jurisdiction over this action, even after the joinder of Wessel Honda.

Based on the foregoing, the Court finds that Wessel Honda's principal place of business is located in Missouri, which makes it a citizen of Missouri. Because Plaintiffs are also citizens of Missouri, the addition of Wessel Honda to this action destroys diversity jurisdiction. And, because Plaintiffs failed to inform the Court of this issue when they moved for leave to add Wessel Honda, the Court concludes that reconsideration of the Order granting leave is appropriate.

### b. Is Wessel Honda necessary and indispensable?

Upon reconsideration, the Court must first consider whether the proposed new defendant

is necessary and indispensable. When a case has been removed from state court, "[i]f, after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). Pursuant to Rule 19 of the Federal Rules of Civil Procedure, joinder is required when a plaintiff shows "the new parties are necessary and indispensable to a full resolution of the case." *Bailey*, 563 F.3d at 308.

First, the plaintiff must show the new defendant is "necessary to a full resolution of the case" under Rule 19(a). *Id.* Joinder is not required where the absence of the new defendant "would not impair the court's ability to accord complete relief between [the existing parties]" and the new defendant does not claim an interest in the subject of the action. *Id.*; *see also* FED. R. CIV. P. 19(a). Here, Wessel Honda's absence would not prevent the Court from affording complete relief between Plaintiffs and the three remaining Defendants. Plaintiff alleges Wessel Honda and the other three Defendants are jointly liable under all six counts, and "[i]t has long been the rule that it is not necessary for all joint tortfeasors to be named as defendants in a single lawsuit." *Id.* (*citing Temple v. Synthes Corp., Ltd.*, 498 U.S. 5, 7 (1990)).

As for Wessel Honda's interest in the subject of the action, although it has raised a crossclaim against the three remaining Defendants, crossclaims are "merely permissive, rather than compulsory." *Augustin v. Mughal*, 521 F.2d 1215, 1216 (8th Cir. 1975); *see also* FED. R. CIV. P. 13(g). As such, Wessel Honda is not required to bring its crossclaim in this action, and its absence would neither impair nor impede its ability to pursue said claim in a separate action. Nor would Wessel Honda's absence leave an existing party subject to inconsistent obligations, as the crossclaim is, in essence, a third-party claim against the three other Defendants for contractual and equitable indemnity. If Plaintiffs were to bring their claims against Wessel

Honda in state court, Wessel Honda would not then be precluded from asserting its third-party claims for indemnity. As a result, the Court finds that Wessel Honda is not a necessary party under Rule 19, and therefore does not need to consider whether it is indispensable.

### c. Does justice require joinder of Wessel Honda?

Lastly, the Court must determine whether justice requires Wessel Honda be joined and the case remanded. To make this determination, the Eighth Circuit has adopted a balancing test setting forth three factors to be weighed: "1) the extent to which the joinder of the nondiverse party is sought to defeat federal jurisdiction, 2) whether [the] plaintiff has been dilatory in asking for amendment, and 3) whether [the] plaintiff will be significantly injured if amendment is not allowed." *Bailey*, 563 F.3d at 309 (*citing Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987)). Furthermore, the proposed addition of a non-diverse defendant should be scrutinized "more closely than an ordinary amendment." *Johnson v. Travelers Home & Marine Ins. Co.*, 2010 WL 1945575 at *1 (E.D. Mo. May 12, 2010) (citation omitted).

The first factor is the extent to which Plaintiffs are trying to defeat federal jurisdiction. Plaintiffs argue they have no such intent. They claim that, although they were aware of Wessel Honda prior to filing suit, they did not believe they had a cause of action against it at that time, and sought to add it only because of new documents received in discovery. They also argue that the addition of Wessel Honda does not affect diversity jurisdiction, and note that they have not sought remand.

However, the "[f]ailure to inform the court that joinder of a defendant would destroy diversity has been found to create a reasonable inference that the defendant was joined for the purpose of defeating federal jurisdiction." *Johnson*, 2010 WL 1945575 at *2; *see also Blando v. Bus. Men's Assurance Co. of Am.*, 2012 WL 6699090 at *3 (W.D. Mo. Aug. 21, 2012) (an

attempt "to add a non-diverse defendant only after the case was removed, even though the plaintiff knew about the non-diverse defendant's activities at the time the suit was filed, strongly indicates the purpose of plaintiff's amendment is to defeat the jurisdiction of federal court.") Here, upon closer scrutiny, it appears that George C. Dean was aware as early as January 18, 2016 that Wessel Honda performed pre-delivery service, inspections, checks, and maintenance on the HR-V when he purchased it. *See* Doc. 43-1. Thus, he knew, or should have known, of his potential claims against Wessel Honda well before filing suit in state court on January 30, 2017. Yet, Plaintiffs did not move to add Wessel Honda until eight months after first filing suit, on October 5, 2017, and failed to inform the Court such joinder would destroy diversity. Under these circumstances, it is reasonable to infer that Plaintiffs are seeking to add Wessel Honda to defeat federal jurisdiction. Thus, this factor weighs against granting leave to amend.

As for the second factor, whether the plaintiff was dilatory in seeking amendment, Plaintiffs argue that the Court held they were not dilatory when it originally granted leave to amend. However, that earlier ruling was made under the ordinary standard of Fed. R. Civ. P. 15(a)(2), which provides that the court "should freely give leave when justice so requires." The Court is now aware that Plaintiffs are attempting to add a non-diverse defendant, and therefore their request will be scrutinized "more closely than an ordinary amendment." *Johnson*, 2010 WL 1945575 at *1. As set forth previously, there is evidence that George C. Dean knew or should have known that Wessel Honda performed inspections and maintenance on the HR-V at the time he purchased it in January of 2016, over one year before he filed suit in state court, and nearly seven months after removal. Therefore, upon closer scrutiny, it appears that Plaintiffs were dilatory in seeking to add Wessel Honda as a defendant, and this factor weighs against allowing amendment.

The third factor is whether the plaintiff will be significantly injured if amendment is not allowed. Plaintiffs argue that if Wessel Honda is not added, AHM will name Wessel Honda as a superseding/intervening force and compare its fault with no argument from it. Plaintiffs also argue that justice demands efficiency by not forcing them to pursue two separate suits in this matter. However, because Wessel Honda is an alleged joint tortfeasor, the Court finds that Plaintiffs can pursue their claims against it in state court and will not be significantly injured by its absence. *See Bailey*, 563 F.3d at 309; *see also Hofman v. Enterprise Leasing Co. of Minn.*, LLC, 2014 WL 12601038 at \*6 (D. Minn. Oct. 15, 2014) (finding no significant injury where plaintiffs sought to add a permissive party, and could still pursue their claims against it in state court). Accordingly, this factor weighs against granting leave to amend.

Because the Court finds that all three factors weigh against granting leave to amend, justice does not require that Wessel Honda be joined and the case remanded.

### IV. Conclusion

Upon reconsideration of Plaintiffs' request to add Wessel Honda as a defendant, the Court finds that Wessel Honda is not a necessary party, and that justice does not require that Wessel Honda be joined in this action.

Accordingly, it is **ORDERED** that:

1. The Motion to Reconsider (Doc. 62) is **GRANTED**;

2. Plaintiffs' Motion for Leave to Amend Complaint (Doc. 37) is reconsidered and is **DENIED** to the extent it seeks to add Don Wessel Oldsmobile, Inc. d/b/a Don Wessel Honda as a defendant;

3. The Clerk of Court is directed to drop Don Wessel Oldsmobile, Inc. d/b/a Don Wessel Honda as a party to this action;

4.  Because Don Wessel Oldsmobile, Inc. d/b/a Don Wessel Honda is no longer a party, its Motion to Amend Scheduling Order (Doc. 78) is **FOUND TO BE MOOT**.

**IT IS SO ORDERED.**

/s/ *David P. Rush*
DAVID P. RUSH
UNITED STATES MAGISTRATE JUDGE

DATE: February 15, 2018