# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## SOUTHERN DIVISION

| | |
|---|---|
| GEORGE DEAN, et al., | ) |
| Plaintiffs, | ) |
| v. | ) No. 17-03069-CV-S-DPR |
| AMERICAN HONDA MOTOR CO., INC., et al., | ) |
| Defendants. | ) |

## ORDER

Before the Court is the Motion to Dismiss (Doc. 64) filed by Defendant American Honda Motor Co., Inc. ("AHM"). Pursuant to Rules 12(b)(6) and 9(b) of the Federal Rules of Civil Procedure, AHM moves the Court to dismiss Count VI of Plaintiffs' Second Amended Complaint against it. Plaintiffs George Dean and Bradley Dean have filed Suggestions in Opposition (Doc. 69) to the motion to dismiss, and AHM has filed a Reply in Support (Doc. 71) of the motion to dismiss. Upon review, the motion to dismiss will be **GRANTED**.

**I. Background**

This action arises from a fire at the residence of George Dean. Plaintiffs allege the fire was caused by a Honda HR-V motor vehicle (the "HR-V") owned by George Dean and designed, manufactured, marketed and sold by Defendants, and resulted in damage to or destruction of Plaintiffs' personal and real property. On November 15, 2017, Plaintiffs filed their Second Amended Complaint (Doc. 55) (the "complaint"), which added Count VI for violation of the Missouri Merchandising Practices Act ("MMPA") against all Defendants.

AHM now moves to dismiss Count VI against it, arguing this claim: (1) fails to meet the heightened pleading requirements of Rule 9(b); (2) fails to identify any specific unlawful act in

violation of the MMPA committed by AHM; and (3) fails as a matter of law to the extent it is alleged by Plaintiff Bradley Dean.

**II. Legal standard**

Rule 12(b)(6) provides that a claim may be dismissed for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). A complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim should be dismissed if it offers only "labels and conclusions or a formulaic recitation of the elements of a cause of action." *Id*. Stated differently, a plaintiff must allege "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*.

Additionally, claims alleging fraud must comply with the heightened pleading standard of Rule 9(b), which requires setting forth "the circumstances constituting fraud ... with particularity." FED. R. CIV. P. 9(b). The "circumstances" of fraud include "such matters as the time, place and contents of false representations, as well as the identity of the person making the misrepresentation and what was obtained or given up thereby." *Commercial Prop. Inv., Inc. v. Quality Inns Int'l, Inc.*, 61 F.3d 639, 644 (8th Cir. 1995). In other words, the claim must identify the "who, what, where, when, and how" of the alleged fraud. *United States ex rel. Costner v. URS Consultants, Inc.*, 317 F.3d 883, 888 (8th Cir. 2003).

**III. Analysis**

AHM argues that Plaintiffs' MMPA claim is subject to, but fails to meet, the heightened pleading requirements of Rule 9(b). According to AHM, Plaintiffs have only made allegations

"upon information and belief," with no attempt to state their claim with particularity. Plaintiffs respond that their MMPA claim does not sound in fraud, but instead falls under other "unfair business practices."

To prevail on an MMPA claim, a plaintiff must establish that he or she: (1) purchased merchandise; (2) for personal, family, or household purposes; and (3) suffered an ascertainable loss of money or property; (4) as a result of an act declared unlawful by Section 407.020. MO. REV. STAT. § 407.025.1; *Hess v. Chase Manhattan Bank, USA, N.A.*, 220 S.W.3d 758, 773 (Mo. banc 2007). Acts declared unlawful by the MMPA broadly include "deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of any material fact in connection with the sale or advertisement of any merchandise in trade or commerce[.]" MO. REV. STAT. § 407.020.1. Generally, the "heightened pleading requirement of Rule 9(b) applies to a claim under a state consumer fraud statute, such as the MMPA." *Hays v. Nissan N. Am., Inc.*, No. 4:17–CV–00353–BCW, 2017 WL 6816748 at *3 (W.D. Mo. Oct. 27, 2017) (citing *Blake v. Career Educ. Corp.*, 2009 WL 140742 at *2 (E.D. Mo. Jan. 20, 2009)).

In their complaint, ¶ 46, Plaintiffs allege "upon information and belief, Defendants practiced deception, false pretense, misrepresentation, unfair practices, concealment, omissions, and/or suppression of material facts upon which Plaintiffs [] relied, by marketing, selling, manufacturing, and/or designing said Honda HR-V motor vehicle despite knowledge it was defective." In ¶ 47, Plaintiffs allege "[u]pon information and belief, Defendants practiced deception, false pretense, misrepresentation, unfair practices, concealment, omissions, and/or suppression of material facts upon which Plaintiffs [] relied, by marketing, selling, manufacturing and/or designing said Honda HR-V motor vehicle(s) prone to material defect

3

and/or spontaneously catching fire."

Thus, as argued by Plaintiffs, their claim does not specifically allege fraud. Rather, it alleges several other unfair practices declared unlawful under the MMPA, including the "concealment, omissions, and/or suppression of material facts." However, even if the heightened standard of Rule 9(b) does not apply, AHM argues that Plaintiffs have failed to identify any specific unlawful act committed by it in violation of the MMPA.

Regarding the claim of concealment, omission and/or suppression of material facts, under the MMPA, a plaintiff must show the defendant failed to disclose material facts that were "*known to him/her,* or upon reasonable inquiry *would [have been] known to him/her.*" *White v. Just Born, Inc.*, 2:17-cv-04025-C-NKL, 2017 WL 3130333 at *8 (W.D. Mo. July 21, 2017) (*citing Plubell v. Merck & Co., Inc.*, 289 S.W.3d 707, 714 (Mo. Ct. App. 2009) (emphasis in original). Here, in ¶ 7, Plaintiffs allege that "the cause of the [HR-V]'s fire was [t]he failure of the alternator [and a] failure of cabling [] due to a manufacture and/or design defect." In ¶ 49, Plaintiffs claim "the plant and/or facility where the [] HR-V was manufactured and/or designed experienced numerous material issues affecting the quality and merchantability of the parts and/or components utilized in the [] HR-V." Lastly, in ¶ 50, the complaint alleges "similar Honda HR-Vs manufactured, sold, marketed and/or designed by [AHM] have experienced similar material logistical issues that affected the quality and merchantability of the parts and/or components utilized in the Honda HR-Vs."

Even a liberal reading of these allegations fails to provide enough facts to state a claim that AHM failed to disclose material facts that were known to it, or upon reasonable inquiry would [have been] known to it. Rather, "upon information and belief," the complaint offers only vague generalities about "material logistical issues" regarding "parts and/or components" as to

4

all named Defendants, with no plausible connection linking AHM, the HR-V, and the fire.

Similarly, the Court cannot reasonably infer from the complaint how AHM "practiced deception, false pretense, [or] misrepresentation," as claimed by Plaintiffs, absent any specific factual assertions regarding what deceptions, false pretense or misrepresentations were committed by it.

Accordingly, even if Plaintiffs' MMPA claim does not sound in fraud and is therefore not subject to Rule 9(b)'s heightened pleading requirement, the Court concludes that the complaint fails to plead sufficient factual content so as to identify what, if any, specific unlawful act in violation of the MMPA was committed by AHM. As a result, the motion will be granted and Count VI will be dismissed as to AHM.

**IV. Conclusion**

Based on the foregoing, it is **ORDERED** that the Motion to Dismiss (Doc. 64) is **GRANTED** and Count VI against Defendant American Honda Motor Co., Inc. is dismissed.

**IT IS SO ORDERED.**

/s/ *David P. Rush*
DAVID P. RUSH
UNITED STATES MAGISTRATE JUDGE

DATE: March 9, 2018